IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-00488-RPM

MITCHELL ANDERSON,

    Plaintiff,

v.

B. WORSTELL, (No. 2172) individually and in his capacity as a paid peace officer and as an employee and/or agent of the Colorado Springs Police Department and the City of Colorado Springs;
C. CALKINS, (No. 2047) individually and in his capacity as a paid peace officer and as an employee and/or agent of the Colorado Springs Police Department and the City of Colorado Springs;
COLORADO SPRINGS POLICE DEPARTMENT, in its capacity as an agent and/or independent contractor of the City of Colorado Springs;
THE CITY OF COLORADO SPRINGS, in its capacity as a governmental entity and as the employer of Officers Worstell and Calkins and the Colorado Springs Police Department;
JOHN DOES 1-7, whose names and identities are unknown, individually and in their capacity as governmental officers or employees, peace officers, and/or agents of the Colorado Springs Police Department and/or the City of Colorado Springs; and
LISA N. PIEL,

    Defendants.

_____

AMENDED ORDER OF DISMISSAL OF CERTAIN CLAIMS AND FOR HEARING
_____

    Pursuant to the hearing held today, it is

    ORDERED that the motion of defendants Worstell and Calkins to dismiss the first claim for relief is denied because there are factual disputes with respect to the degree of intoxication and the plaintiff's apparent danger to himself which preclude qualified immunity as the claim has been pleaded.

    The second claim for relief is dismissed as to the Defendant City of Colorado Springs and the Colorado Springs Police Department is not a suable entity.

2

The third claim for relief under 42 U.S.C. § 1981 is dismissed.

The claim pleaded as the fourth claim for relief is dismissed as a separate claim because the recovery of fees and costs under § 1998 is a part of claim under § 1983 under the first claim for relief.

The defendants' motion to dismiss the fifth through eighth claims for relief under Fed.R.Civ.P. 12(b)(1) requires an evidentiary hearing to determine the date on which notice was required to have been given under the Colorado Governmental Immunity Act.  The necessary hearing under *Trinity* will be held on July 14, 2011, at 10:00 a.m.

DATED:   June 16th, 2011

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge